## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

**STEPHEN CHARLES COLLINS,**

     Plaintiff,

v.

**H. DWIGHT HAMBRICK, et al.**

     Defendants.

Civil No. 4:20-CV-17-CDL-MSH

### ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS

Plaintiff Stephen Charles Collins has filed a notice of appeal.   ECF No. 24. Plaintiff also submitted an application to appeal *in forma pauperis*.   ECF No. 27.

### I.    Procedural History

On August 12, 2020, the United States Magistrate Judge issued a Report and Recommendation which recommended that all of Plaintiff's claims against the Defendants be dismissed without prejudice.   ECF NO. 11.

An Order Adopting the United States Magistrate Judge's Recommendation was filed on October 8, 2020.   ECF No. 13.   Upon consideration of Plaintiff's complaint (ECF No. 1) and the Magistrate Judge's Report and Recommendation (ECF No. 11), the undersigned agreed that dismissal of Plaintiff's claim was proper.   *Id*.   Subsequently, Judgment was entered in favor of the Defendants and Plaintiff's claim was dismissed. ECF No. 14.

Plaintiff subsequently filed a "Motion for Extension of Time" in which he requested

more time to file an appeal of the judgment.   ECF No. 15.   Plaintiff demonstrated in his motion that he did not receive the Magistrate's Report and Recommendation in time to object prior to the judgment.   *Id*. at 3-4.   Hence, this Court entered an Order to vacate the judgment (ECF No. 16) and reopened this case so that the Plaintiff could file his objections to the Report and Recommendation (ECF No. 11).   On December 17, 2020, the Plaintiff filed his objections.   ECF No. 17.

After further review of the record and Plaintiff's objections, the Court entered another Order (ECF No. 20) dismissing Plaintiff's complaint.   Judgment was once again entered in favor of the Defendants (ECF No. 21).

Plaintiff seeks to appeal the judgment in favor of the Defendants.   ECF No. 24. Plaintiff has also filed a "Motion for Permission to Appeal In Forma Pauperis and Affidavit."   ECF No. 27.

## II.   Analysis

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.   28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.   The party must attach an affidavit that:

   (A) shows . . . the party's inability to pay or to give security for fees and costs;

   (B) claims an entitlement to redress; and

   (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*.   First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.   Plaintiff did submit a "Motion for Permission to Appeal In Forma Pauperis and Affidavit" as well as a copy of his inmate trust account that avers that he is unable to pre-pay the full $505 appellate filing fee. ECF No. 27.

Next, the Court must determine if the Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard."   *Coppedge v.*

-3-

*United States*, 369 U.S. 438, 445 (1962).   A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.   *Id*.   An issue "is frivolous if it is 'without arguable merit either in law or fact.'"   *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).   "Arguable means capable of being convincingly argued."   *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).   "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"   *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C).   Plaintiff has submitted a brief and general statement of his basis for appeal in his motion to proceed *in forma pauperis* on appeal.   ECF No. 27 at 1.   The Court has conducted an independent review of the issues addressed in the United States Magistrate Judge's Order and Recommendations (ECF No. 11), Plaintiff's Objections to that Recommendation (ECF No. 17), the Court's Orders regarding the United States Magistrate Judge's Recommendation (ECF Nos. 13 and 20), the Plaintiff's Notice of Appeal (ECF No. 24) and Plaintiff's issue statement contained within his motion to appeal *in forma pauperis* (ECF No. 27).   Based upon a thorough inquiry, the Court concludes that Plaintiff's appeal is frivolous.   *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions

regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).   The appeal, therefore, is not brought in good faith.   Plaintiff has raised no issues with arguable merit. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

### III.   Conclusion

Because Plaintiff's application to appeal *in forma pauperis* is **DENIED**, he must pay the entire $505 appellate filing fee if he wishes to proceed with his appeal.   Since Plaintiff has averred that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).   Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.   Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.


**SO ORDERED and DIRECTED**, this 1st day of April, 2021.


_S/   Clay D. Land_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT